SHELTON *v.* SHERFEY.

Possession of a note payable to bearer is *prima facie* evidence of ownership, and such a note may be sued in the name of any holder.

A note made payable to J. S. or *order* and endorsed by the payee to S. T. or *bearer*, becomes, in the hands of subsequent holders, the same as a note payable to *bearer*.

ERROR *to Des Moines District Court.*

*Opinion by* GREENE, J.    Assumpsit before a justice of the peace on a promissory note for five dollars signed by John T. Shelton, made payable to William Lewis or order, and assigned by Lewis to S. R. Thurston or bearer. Suit brought by Solomon Sherfey as bearer.    Plaintiff obtained judgment by default before the justice.

In the district court, when the plaintiff offered the note in evidence to the jury, the defendant objected, but the objection was overruled, and the note admitted.    This is now assigned as error.    And it is urged that there is no privity between the parties, that the right of action was in Thurston and not in the plaintiff below.

It has been repeatedly decided by this court, that possession of a note payable to bearer is *prima facie* evidence of ownership, and that such a note may be sued in the name of any holder.

But the question is raised in this case, can a note payable to A. or order be so indorsed by him or his indorsee as to make it payable to bearer by mere delivery ?    It will not be disputed that the note might have been indorsed in blank and thus any holder as indorsee might sue on it in his own name, or in the name of the payee for his use.    So far as the rights and liabilities of the maker are concerned it could make no difference whether the note was assigned in blank or to S. R. T. or bearer, or to bearer only.    The promise in the note is not limited to any particular person.    It is first

to W. L. and second to any other person or persons, he may order payment to specially, or refer to as indorser or holder generally, by an indorsement in blank or to bearer ; and as he indorsed the note to W. L. T. or bearer, it is clear that it became payable to any person as indorser who might be in possession of the note. The rule appears to be well approved by courts and the commercial world that in an action on a negotiable note by an indorsee against the maker, the presumption is that the note was negotiated in the usual course of business and came regularly into the hands of the holder. As nothing appeared in the present case to disturb this presumption, there is no reason why the note should not be admitted in evidence to support the action of the holder against the maker.

Judgment affirmed.

*D. Rorer*, for plaintiff in error.

*J. C. Hall*, for defendant.